UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P88-M

**ROBERT CURTIS LANE**                                                                                   **PLAINTIFF**

**v.**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Robert Curtis Lane filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Daviess County Detention Center ("DCDC"). He files suit against DCDC and David Osborne[1] and Deputy Hardy in their official capacities. In the complaint, Plaintiff alleges as follows:

> On August 23, 2009 at 9:00-9:30 pm Deputy Hardy entered cell 106 to pack up an inmates belongings. When doing so me and other inmates noticed Deputy Hardy had a loaded pistol on his side. Deputy Edgell was in the hall and noticed it as well, and waived him out of the cell. Deputy Hardy walked away then came back moments later w/o the pistol on his side.

Plaintiff seeks unspecified damages as relief.

---

[1]Although Plaintiff does not identify who David Osborne is or make any direct allegation against him, the Court takes judicial notice that he is the Jailer at the DCDC. Moreover, Plaintiff spells the Jailer's name as "Osbourn," but the Court takes judicial notice that the Daviess County Jailer is David "Osborne" and will use that spelling.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.      Daviess County Detention Center**

Plaintiff sues the DCDC. However, the DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Daviess County is a

"person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claim against the DCDC as brought against Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving

force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff alleges that Defendant Deputy Hardy entered a cell with a "loaded pistol on his side." Plaintiff has not alleged that Hardy acted pursuant to a governmental policy or custom in causing his alleged harm. The incident alleged in Plaintiff's complaint appears to be an isolated occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the actions alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Daviess County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Thus, Plaintiff's claim against the DCDC will be dismissed.

**B.**      **David Osborne and Deputy Hardy**

Plaintiff also sues David Osborne and Deputy Hardy in their official capacities. The official-capacity claims against Defendants Osborne and Hardy are actually claims against their employer, Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). However, the official-capacity claims fail for the same reason as the claim against the DCDC fails. That is, Plaintiff does not assert that the actions alleged in the complaint were the result of a municipal policy or custom implemented or endorsed by Daviess

5

County.  *See Deaton*, 989 F.2d at 889.  Therefore, Plaintiff fails to state cognizable official-capacity claims against Defendants Osborne and Hardy, and such claims will be dismissed.

Even if Plaintiff had sued Defendants Osborne and Hardy in their individual capacities, however, his § 1983 claims against them would still fail.  With regard to Defendant Osborne, Plaintiff makes no allegation that he was directly involved in the incident.  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Moreover, to the extent Plaintiff seeks to hold Osborne liable based on his supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Therefore, any individual-capacity claim against Defendant Osborne would be dismissed for failure to state a claim upon which relief may be granted.

With regard to an individual-capacity claim against Defendant Hardy, as a general principle, a prison guard has a duty under the Eighth Amendment[2] to ensure the "reasonable safety" of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994).  A prison official is liable for failing to protect an inmate when a plaintiff proves that, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  Neither the Eighth Amendment nor the Due Process Clause of the

---

[2]The Eighth Amendment to the United States Constitution provides:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend VIII.

Fourteenth Amendment is implicated by an official's mere negligent acts where no deliberate indifference is alleged by the plaintiff.  *Daniels v. Williams*, 474 U.S. 327 (1986).

In his complaint, Plaintiff alleges a single, apparently brief occasion when Defendant Hardy entered his cell with his gun on his hip.  He does not claim that this was a repeated or recurrent event or that he was injured in any way as a result.  Defendant Hardy's one-time lapse did not present an "excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  The allegations simply do not constitute more than a single negligent act by Defendant Hardy which does not give rise to a constitutional claim.  Consequently, any individual-capacity claim against Defendant Hardy would also be dismissed for failure to state a claim upon which relief may be granted.

A separate order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.010